**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **AVELINO CRUZ MARTINEZ** | ) ) ) ) ) | |
| **vs.** | ) ) ) ) ) | **CASE NO. 3:13-00638** <br> **JUDGE TRAUGER/KNOWLES** |
| **UNITED STATES OF AMERICA** | ) | |

# ORDER

This matter is before the Court upon a "Petition for Writ of Habeas Corpus and Emergency Request for Bail Hearing," filed by Petitioner. Docket No. 1. The Petition, which was filed June 27, 2013, requests that the Court hold a Bail Hearing on July 1, 2013, "or as soon thereafter as feasible." On June 28, 2013, Judge Trauger referred this action to the undersigned:

> for case management, decision on all pretrial, non-dispositive
> motions and report and recommendation on all dispositive motions
> under 28 U.S.C. § 636(b)(1) and to conduct any necessary
> proceedings under Rule 72 Fed. R. Civ. P.

Docket No. 2.

Petitioner is the subject of extradition proceedings pending in this Court. *In the Matter of the Extradition of: Avelino Cruz Martinez,* No. 13-2042 MK. Petitioner was arrested in the extradition proceeding on June 21, 2013. While the undersigned was out of town, another Magistrate Judge set a Detention Hearing before the undersigned for June 26, 2013.

On June 25, 2013, at 4:36 p.m., Petitioner filed a Motion to Dismiss the extradition proceeding and, in the alternative, to order discovery. Docket No. 17. On June 25, 2013, at 5:17 p.m., the Government filed a 20-page "Memorandum in Support of Extradition." Docket No. 18.

(20 pages).  At 5:18 p.m., the Government filed a 10-page "Memorandum of Law in Opposition to Bail."  Docket No. 19.  Finally, on June 26, 2013, at 8:28 a.m., Petitioner filed a document headed "Supplemental Authority for Detention Hearing."  Docket No. 20-1.  Obviously, neither Petitioner nor the Government had the opportunity to respond to the filings of the other party prior to the June 26 Hearing.

At the Hearing, the Court inquired of Petitioner's counsel whether there was any law requiring the Court to conduct a Detention Hearing in an extradition case within a certain period of time.  Petitioner's counsel was unable to point the Court to any such authority.  The Court notes that the extradition proceeding is not a criminal proceeding.  *In the Matter of the Requested Extradition of Terrence Damien Kirby*, 106 F.3d 855 (9th Cir. 1997) ("[T]he district court's authority to grant bail in extradition cases is rooted in the Supreme Court's decision in *Wright v. Henkel*, 190 U.S. 40 . . . .").

In *Sabatiar v. Dabrowski,* 586 F.2d 866, 869 (1st Cir. 1978) the Court responded as follows to an extraditee's argument that the extradition proceeding had deprived him of a speedy trial.  The Court stated in part:

> Sabatiar, styling the sixth amendment right to a "speedy and public trial," [as] a right to a "speedy adjudication," argues that it applies to extradition proceedings.  This turns, obviously, on characterizing such proceedings as "criminal prosecutions" within the meaning of the sixth amendment – a characterization that goes against the weight of authority and ignores the modest function of an extradition hearing.  It is not conducted under the Federal Rules of Criminal Procedure, Fed. R. Crim. P. [1(a)(5)(A)], and generally is not considered a criminal proceeding.

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, does not apply.  *United States v. Hills,* 765 F. Supp. 381, 385 (E.D. Mich. 1991) ("In fact, several Courts have expressly held that . . .

2

the provisions of the Bail Reform Act do not apply in extradition actions."). Thus, Petitioner does not have the right to have a bail hearing within three (3) days after his Initial Appearance.

In view of the foregoing, the undersigned continued the Detention Hearing to July 15.

The following day, June 27, 2013, Petitioner filed the instant Petition for Writ of Habeas Corpus and Emergency Request for Bail Hearing.

The Court will treat the "Request" as a Motion. Local Rule 7.01(b) provides that a party may have fourteen (14) days after the filing of a Motion in which to file a Response. Thus, under the Rules, the Government's Response is not due until July 11, which is 10 days after the proposed date for the Detention Hearing.

The Court does not believe it is appropriate to have a Hearing until after the Government has an opportunity to respond to the instant Motion. The Government, therefore, shall file a Response to the instant Motion for a bail hearing on or before July 5, 2013. The Detention/Extradition Hearing remains set for July 23, 2013, pending further Orders of the Court.

The "Petition for Writ of Habeas Corpus" will be addressed in due course. The Government shall respond to the Petition on or before July 5, 2013.

IT IS SO ORDERED.

_____
E. Clifton Knowles
United States Magistrate Judge